No. 25-1262

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

JANE DOE,

Plaintiff-Appellee,

v.

ERIC EBLING,

Defendant-Appellant.

Appeal from the United States District Court
Civil Action No. 1:24-cv-00924-RMR-NRN (D. Colo.)
District Court Judge Regina M. Rodriguez

## JANE DOE'S RESPONSE BRIEF

### *ORAL ARGUMENT REQUSTED*

**Kishinevsky & Raykin, Attorneys at Law**
Igor Raykin
Michael Nolt
Conor O'Donnell
2581 S. Parker Rd., Ste. 150
(720) 863-4256
igor@coloradolawteam.com
michael@coloradolawteam.com
conor@coloradolawteam.com

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF RELATED CASES ...................................................... 1

STATEMENT OF ISSUES ON APPEAL ................................................. 1

STATEMENT OF THE CASE ................................................................. 1

SUMMARY OF THE ARGUMENT ........................................................ 5

STANDARD OF REVIEW .................................................................... 8

ARGUMENT .......................................................................................... 9

I.    The district court properly determined that Ms. Doe stated a claim for deliberate indifference against Ebling. ................................................. 9

   A.  Ebling knew of the sexual harassment. ......................................... 9

   B.  Ebling consciously acquiesced to the sexual harassment. ......................... 10

   C.  Student 1 was under Ebling's supervision and authority. ......................... 10

   1.  Liability for deliberate indifference relies on a defendant's status as a public employee with state authority, not their specific employment relationship. ................................................................................ 11

II.   Ms. Doe did not need to plead discriminatory intent to state a claim based on Ebling's deliberate indifference to student-on-student sexual harassment. ......... 13

A.   Discriminatory intent is not required to state a claim under Murrell for deliberate indifference to student-on-student sexual harassment. ....................13

B.   Even if discriminatory intent is required, intentional discrimination may be inferred from deliberate indifference ................................................................16

   1. Ebling mispresents the Circuit Court consensus on deliberate indifference to student-on-student sexual harassment claims. ...........................................18

C.   Requiring plaintiffs to plead discriminatory intent is contrary to public policy because it would entirely eliminate deliberate indifference claims. ......20

III.   The district court analyzed Ebling's qualified immunity defense under the correct standard. .................................................................................................21

   A.   Preservation ...................................................................................................22

   B.   The district court did not rely on Conley. ....................................................22

IV.   Ebling is not entitled to qualified immunity because he violated clearly established law. ...................................................................................................23

CONCLUSION ....................................................................................................27

STATEMENT REGARDING ORAL ARGUMENT ............................................28

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ....................................28

CERTIFICATE OF SERVICE..............................................................................29

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ........................................................6, 8, 15

*Baca v. Cosper*, 128 F.4th 1319 (10th Cir. 2025). ..................................................25

*C.C. v. Monroe Cnty. Bd. of Educ.*, 427 F. App'x 781 (11th Cir. 2011). ..............19

*C.C. v. Monroe County Bd. of Educ.*, 2009 U.S. Dist. LEXIS 110276 (S.D. Ala.
Nov. 25, 2009). . .................................................................................................19

*Campbell v. Indep. Sch. Dist. No. 33 of Creek Cnty., Okla.*, No. 24-CV-00059-SH,
2024 U.S. Dist. LEXIS 209715 (N.D. Okla. Nov. 19, 2024). . ..........................18

*Conley v. Gibson*, 355 U.S. 41 (1957). . ..................................................................22

*Cornaby's LLC v. Carnet, LLC*, No. 2:14-cv-00462-JNP-DBP, 2017 U.S. Dist.
LEXIS 130716 (D. Utah Aug. 15, 2017). ......................................................7, 21

*DiStiso v. Cook*, 691 F.3d 226 (2d Cir. 2012). ........................................................20

*Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010). .....................................6, 15

*Doe through Doe v. Brighton Sch. Dist. 27*J, No. 19-cv-0950-WJM-NRN, 2021
U.S. Dist. LEXIS 179455 (D. Colo. Sept. 21, 2021). ...............................9, 14, 16

*Doe v. Oologah-Talala Indep. Sch. Dist. No. 4 of Rogers Cnty.,* No. 21-CV-240-
JDR-SH, 2024 U.S. Dist. LEXIS 57445  (N.D. Okla. Mar. 29, 2024). ...........6, 27

*Doe v. Riverside Sch. Dist.,* No. 3:23-CV-1118, 2024 U.S. Dist. LEXIS 231380
(M.D. Pa. Dec. 23, 2024) ("*Riverside II*"). ........................................................20

*Doe v. Riverside Sch. Dist.*, No. 3:23-CV-1118, 2024 U.S. Dist. LEXIS 67670

(M.D. Pa. Apr. 12, 2024) ("*Riverside I*")..............................................19

*Doe v. Roaring Fork Sch. Dist.*, 510 F. Supp. 3d 971 (D. Colo. 2020). ...............14

*Doe v. Taos Mun. Schs.*, No. 20-CV- 01041, 2024 WL 4264507 (D.N.M. Sept. 23,

2024). .....................................................................................................15

*Feminist Majority Found. v. Hurley*, 911 F.3d 674 (4th Cir. 2018). . ..............17, 20

*Gebser v. Lago Indep. Sch. Dist.*, 524 U.S. 274 (1998). ...................................16, 21

*Griess v. State of Colo.*, 841 F.2d 1042 (10th Cir. 1988)........................................8

*Hall v. Higgins*, 77 F.4th 1171 (8th Cir. 2023). ......................................................17

*Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250 (10th Cir. 2018). .................6, 7, 16

*Hope v. Pelzer*, 536 U.S. 730 (2002). .....................................................................24

*Lameda ex rel. S.L. v. Indep. Sch. Dist. No. 29*, No. CIV-21-119, 2021 WL

4302773 (W.D. Okla. Sept. 21, 2021). . ..............................................14

*Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334 (11th Cir. 2012)................17

*Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005).......................................................7, 21

*Morales-Fernandez v. INS*, 418 F.3d 1116 (10th Cir. 2005). . ...............................22

*Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999). ...1, 5-6, 10, 12-14, 16,

21, 23, 25-26

*Perry v. Roy*, 782 F.3d 73 (1st Cir. 2015). .............................................................17

*Peterson v. Jensen*, 371 F.3d 199 (10th Cir. 2004)................................................23

iv

*R.C. by & through Culver v. Indep. Sch. Dist. No. 2*, No. 23-CV- 478-JFJ, 2024

WL 3570014 (N.D. Okla. July 29, 2024). ..........................................................14

*S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013)...............................17

*Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082 (2d Cir. 2024). ......7, 17, 20

*Shively v. Green Local Sch. Dist. Bd. of Educ.*, 579 F. App'x 348 (6th Cir. 2014).17

*Soza v. Demsich*, 13 F.4th 1094 (10th Cir. 2021). .....................................................24

*Stiles v. Grainger Cnty.*, 819 F.3d 834, 852 (6th Cir. 2016). ....................................9

*T.E. v. Grindle*, 599 F.3d 583 (7th Cir. 2010)..........................................................19

*T.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589, 2018 WL 2722501 (D.

Kan. June 6, 2018). . ........................................................................................14

*Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022)...............6, 8, 9, 23, 24

*Updike v. Multnomah Cnty.,* 870 F.3d 939 (9th Cir. 2017).  ...................................17

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277 (10th Cir. 2019)...................8, 26

*Wamer v. Univ. of Toledo*, 27 F.4th 461 (6th Cir. 2022). .......................................21

*Woodward v. Worland*, 977 F.2d 1392 (10th Cir. 1992). .................................12, 25

**STATUTES**

42 U.S.C. § 1983. .......................................................................................................9

**RULES**

Rule 12(b)(6). ......................................................................................................8, 23

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV, § 1...................................................................................9

## STATEMENT OF RELATED CASES

There are no prior appeals or related cases.

## STATEMENT OF ISSUES ON APPEAL

I.    Whether the district court properly concluded that Ms. Doe pled a deliberate indifference to student-on-student sexual harassment claim under *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999).

II.   Whether the district court properly concluded that Ms. Doe need not plead discriminatory intent to state a deliberate indifference claim.

III.  Whether the district court properly concluded that Ms. Doe's right was clearly established in *Murrell*.

## STATEMENT OF THE CASE

Ms. Doe was a student at Columbine High School ("CHS") during the 2021-2022 school year. App. at 41, ¶ 1. Ms. Doe served as the equipment manager for the school's varsity football team, which is where Ms. Doe met Student 1. *Id.* Student 1 was another CHS student and member of the football team. App. at 42, ¶ 7. On July 22 and 26, 2021, Student 1 sexually assaulted and raped Ms. Doe. App. at 42, ¶ 11. Student 1 threatened to kill Ms. Doe if she reported the assaults. App. at 39.

On August 2, 2021, Ms. Doe told a CHS football coach that she was uncomfortable around Student 1 and did not want to work with him anymore. App.

1

at 41, ¶ 4. Defendant Derek Holiday, CHS Athletic Director and Assistant Principal, noticed that Ms. Doe suffered a major decline in her demeanor at school and athletic events. App. at 41, ¶ 5. On October 10, 2021, Ms. Doe informed CHS through Defendant Kevin Chester that she had been sexually assaulted by a CHS football player over the simmer. App. at 42, ¶ 7.

Following her report, no CHS employee or official took any action to keep Ms. Doe safe at CHS. App. at 42, ¶ 9. Throughout the 2021 fall semester, Student 1 "continued to sexually harass Ms. Doe with nonconsensual sexual touching and explicitly sexual statements," inside and outside CHS and at events sponsored and supported by CHS. App. at 38-39. At a football banquet on December 5, 2021, Student 1 groped Ms. Doe during a team photograph. App. at 39.

On January 5, 2022, Ms. Doe informed CHS guidance counselor that Student 1 was harassing her and she requested a schedule change so that she would no longer share classes with Student 1 or his close friends. App. at 42, ¶ 10. On January 11, 2022, Ms. Doe informed CHS and the Jefferson County Sheriff's Office ("JCSO") that she had been raped by Student 1 twice in July 2021. App. at 42-43, ¶¶ 11, 14. Ms. Doe was diagnosed with Post Traumatic Stress Disorder ("PTSD") on January 13, 2022. App. at 43, ¶ 15.

On January 15, 2022, a JCSO detective interviewed Ms. Doe. App. at 43, ¶ 16. On January 25, 2022, the JSCO detective notified Student 1 and his family of

Ms. Doe's reports. App. at 43, ¶ 17. Student 1 immediately retaliated against Ms. Doe by pursuing her and blocking her in the hallways at CHS. *Id.*

Shortly after January 25, 2022, Ms. Doe and her mother met with Defendants Christy, Holliday, and Ebling to develop a safety plan. App. at 43, ¶ 18. Ebling is CHS's school resource officer ("SRO"). *Id.* During the meeting, Defendants Christy and Holliday repeatedly questioned Ms. Doe about her dating history. App. at 43, ¶ 19. Ms. Doe informed Christy, Holliday, and Ebling that the sexual encounters had not been consensual. *Id.* Throughout the remainder of January 2022, Student 1 continued to harass Ms. Doe in the hallways at CHS. App. at 44, ¶ 21. Ms. Doe reported this ongoing harassment to CHS. App. at 44, ¶ 22.

On February 8, 2022, Ms. Doe and her mother again met with Christy and Ebling. App. at 44, ¶ 26. Ms. Doe was informed that CHS had not initiated any investigations into her sexual assault reports or continued sexual harassment. *Id.* Ms. Doe was directed to not speak with any other CHS students or staff, aside from Christy, Holliday, and Ebling. *See id.*, App. at 46, ¶ 34. Ebling informed Ms. Doe that he would not take any action to restrict Student 1's movements within CHS. App. at 44-45, ¶ 26.

Sometime after this meeting, the JCSO detective informed Ms. Doe that Ebling had been cited by JCSO for meddling in her case. App. at 45, ¶ 28. CHS

also directed Ms. Doe's mother to stop cooperating with the JCSO investigation. App. at 45, ¶ 29.

Ms. Doe filed for a civil protection order because Ebling and others at CHS were doing nothing to keep Ms. Doe safe at CHS. *See* App. at 45, ¶ 30. Student 1 continued to harass Ms. Doe in the hallways of CHS. *Id.* Ms. Doe was granted a temporary protection order, forbidding Student 1 from attending CHS. *Id.* Ms. Doe experienced a temporary reprieve from the ongoing harassment from Student 1 while the temporary protection order was in effect. *Id.*

On March 9, 2022, the temporary protection order expired "due to the lack of physical evidence and competing statements from Ms. Doe and Student 1. App. at 45, ¶ 31. During the protection order hearing, Student 1 testified that there was never a safety plan in place. *Id.*

On March 11, 2022, Ms. Doe met with Christy to again discuss a safety plan for Student 1's return to CHS. App. at 46, ¶ 33. No safety plan was created. App. at 46, ¶ 34. Instead, Ms. Doe was sent a "No Contact Order" on March 13, 2022. *Id.* Ms. Doe was directed to contact SRO Ebling, Holliday, or Christy if Student 1 violated the No Contact Order. *Id.* From March 13 to 29, 2022, Student 1 violated the No Contact Order numerous times, by pursuing her through the hallways and into a classroom, striking her backpack, waiting outside her classroom, and

blocking her passage through the hallway. App. at 46-47, ¶¶ 35-39. Ms. Doe reported each of these violations to CHS. App. at 47, ¶ 40.

On April 14, 2022, Student 1 again violated the No Contact Order by cornering her against a wall at CHS. App. at 47-48, ¶ 45. Ms. Doe reported this violation to CHS. App. at 48, ¶ 46. Ms. Doe was informed that CHS would not take any action to stop Student 1 because he had been "vindicated" by the protection order proceedings, despite the fact that the No Contact Order had been put in place following the protection order proceedings. *Id.* Student 1 continued to harass and intimidate Ms. Doe. App. at 48, ¶ 48. No one at CHS, including Ebling, intervened. *See id.*

## SUMMARY OF THE ARGUMENT

The district court correctly denied Defendant-Appellant Ebling's ("Ebling") 12(b)(6) motion to dismiss on the grounds of qualified immunity. Plaintiff-Appellee Jane Doe ("Ms. Doe") met the standard articulated in *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999). She plausibly alleged that Ebling: (1) exercised state authority as a school resource officer; (2) had actual knowledge of sexual harassment that she experienced at school; (3) she and the perpetrator of the harassment, Student 1, were under his supervision or control; and (4) he consciously acquiesced in the harassment. *Id.* at 1251. Accordingly, Ms. Doe pled that Ebling violated her right to be free from sex discrimination under the

Fourteenth Amendment by remaining deliberately indifferent to sexual harassment. *Id.* Therefore, Ebling is not entitled to qualified immunity. *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022).

Ms. Doe has properly alleged that Ebling violated clearly established law. *Id.* Doe identifies Tenth Circuit precedent establishing that Ebling's conduct was clearly unreasonable. *Murrell*, 186 F.3d at 1250-51. Furthermore at least one district court in this Circuit has already recognized that an SRO is not entitled to qualified immunity on a motion to dismiss under remarkably similar circumstances. *Doe v. Oologah-Talala Indep. Sch. Dist. No. 4 of Rogers Cnty.,* No. 21-CV-240-JDR-SH, 2024 U.S. Dist. LEXIS 57445  (N.D. Okla. Mar. 29, 2024). In *Oolagah-Talala*, the court analyzed the same cases relied upon by Ms. Doe. Based on these authorities, Ebling violated clearly established law and is not entitled to qualified immunity.

Ebling's arguments in the Opening Brief are unavailing. The district court correctly concluded that neither *Iqbal* nor *Dodds* require Ms. Doe to plead discriminatory intent. App. at 172; *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). *Iqbal* does not apply because it is factually inapposite to this dispute. Moreover, even if *Iqbal* applied, Doe pled intent by alleging Ebling's deliberate indifference. *See Havens v. Colo. Dep't of Corr*., 897 F.3d 1250, 1264 (10th Cir. 2018) ("Intentional discrimination

can be inferred from a defendant's deliberate indifference . . ."). The majority of the Circuit Courts agree. *See, e.g., Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1093 (2d Cir. 2024) ("a showing of deliberate indifference establishes that the recipient itself intentionally acted in clear violation of Title IX by subjecting students and faculty within its program to the discriminatory misconduct of their peers") (internal quotation marks omitted).

Furthermore, requiring a plaintiff to allege discriminatory intent, separate and apart from alleging that the defendant was deliberately indifferent, compromises the viability of deliberate indifference claims. Deliberate indifference claims permit plaintiffs to establish intent through circumstantial evidence of the defendant's knowledge and inaction. *Havens*, 897 F.3d, at 1264; *see also Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). Other than circumstantial evidence, the only way to establish intent is through direct evidence. However, intent "is rarely proved by direct evidence." *Cornaby's LLC v. Carnet, LLC*, No. 2:14-cv-00462-JNP-DBP, 2017 U.S. Dist. LEXIS 130716, at *41 (D. Utah Aug. 15, 2017). Requiring plaintiffs to speculate on a defendant's state of mind, rather than identifying what they concretely know—to simply state a claim—undermines the basis of deliberate indifference claims and the fundamental principle of plausible allegations.

Because Doe properly pled her claim against Ebling, Ebling is not entitled to qualified immunity. The Court must affirm the district court and deny Ebling dismissal.

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's denial of a Rule 12(b)(6) motion to dismiss based on qualified immunity. *Thompson*, 23 F.4th at 1255. In conducting its *de novo* review, this Court can affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law. *Griess v. State of Colo.*, 841 F.2d 1042, 1047 (10th Cir. 1988).

In reviewing a Rule 12(b)(6) motion to dismiss, courts "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). A complaint satisfies the pleading requirement to state a claim to relief that is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a defendant raises the affirmative defense of qualified immunity on a motion to dismiss, the defendant faces "a more challenging standard of review than would apply on summary judgment" because "it is the defendant's conduct *as*

8

*alleged in the complaint* that is scrutinized for [constitutionality.]" *Thompson*, 23

F.4th at 1256 (internal quotations and citations omitted).

**ARGUMENT**

I.    **The district court properly determined that Ms. Doe stated a claim for deliberate indifference against Ebling.**

The district court properly denied Ebling's Motion to Dismiss because Ms.

Doe adequately pled that Ebling was deliberately indifferent to sexual harassment,

in violation of the Equal Protection Clause ("EPC"). U.S. Const. amend. XIV, § 1.

To state an EPC claim predicated on defendant's deliberate indifference[1] to

student-on-student sexual harassment, the plaintiff must allege that the defendant

knew of and acquiesced to sexual harassment by students over whom they

exercised supervisory authority. ***Murrell*, 186 F.3d at 1250-51**. Ms. Doe met this

standard.

**A. Ebling knew of the sexual harassment.**

Ms. Doe alleged Ebling knew of sexual harassment shortly after January 25,

2022. App. at 43, ¶¶ 17-19. At that time, Ebling attended a meeting with Ms. Doe,

---

[1] The "deliberate indifference standard" is substantially similar between Title IX and Section 1983 claims. *Stiles v. Grainger Cnty.*, 819 F.3d 834, 852 (6th Cir. 2016) (noting that "the deliberate indifference standard is "substantially the same" between § 1983 EPC cases and Title IX cases); *see also Doe through Doe v. Brighton Sch. Dist. 27*J, No. 19-cv-0950-WJM-NRN, 2021 U.S. Dist. LEXIS 179455, at *6 (D. Colo. Sept. 21, 2021) (analyzing Title IX and EPC claims together for purposes of determining whether school district was deliberately indifferent to alleged harassment).

her mother, and two co-defendants, to discuss Ms. Doe's sexual assault report and to develop a safety plan. *See id.* Following the meeting, Doe continued to suffer sexual harassment. Doe reported these incidents to Ebling's co-defendants. App. at 44, ¶ 23. The parties reconvened on or about February 8, 2022. App. at 44-45, ¶ 26. At that meeting, if not before, Ebling learned that the school district refused to investigate Ms. Doe's reports. *Id.* Ebling also observed his co-defendants explicitly instruct Ms. Doe not to discuss the sexual harassment she suffered with other students or staff. *Id.* These allegations establish that Ebling had actual knowledge that Ms. Doe suffered ongoing sexual harassment and that the school district was actively refusing to intervene.

### B. Ebling consciously acquiesced to the sexual harassment.

Ms. Doe alleged that during the February 8 meeting, Ebling informed her that he would take no action to restrict Student 1's movements while at school. *Id.* Accordingly, Doe alleged that with knowledge of the ongoing harassment and the school district's refusal to intervene, Ebling deliberately chose to take no action. These allegations establish that Ebling consciously acquiesced to the sexual harassment Ms. Doe suffered. *See Murrell*, 186 F.3d at 1250-51.

### C. Student 1 was under Ebling's supervision and authority.

As an SRO, Ebling had supervisory power and authority over students in CHS and the responsibility to respond to reports of harassment. *See* App. at 177,

220. Ebling ignores the allegations in the amended complaint to argue that he did not have legal authority to implement a safety plan or no contact order or restrict Student 1's movement within CHS. Op. Brief, at 18. Based on the allegations in the amended complaint, Ebling did have supervisory power and authority over students in CHS. Ebling met with Ms. Doe on two occasions to discuss Student 1's ongoing sexual harassment, App. at 43-45, ¶¶ 18-19, 26. Ebling explicitly refused to restrict Student 1's movements, citing the JCSO's ongoing case. App. at 44-46, ¶ 26. Ebling never told Ms. Doe that it was outside the scope of his authority or power to restrict Student 1's movements. *See id.* Further, Ebling's co-defendant designated Ebling as one of three adults within the school district that Ms. Doe could speak to about her initial and future reports of sexual harassment. App. at 46, ¶ 34. Ms. Doe was instructed not to speak with any other students or any other staff, aside from Ebling and two co-defendants. *See* App. at 44-45, ¶¶ 26, 34. Ebling's conduct, and the conduct of school district officials, establish that Ebling had supervision and authority over Ms. Doe, Student 1, and Ms. Doe's sexual harassment reports.

> **1. Liability for deliberate indifference relies on a defendant's status as a public employee with state authority, not their specific employment relationship.**

Under *Murrell*, "it has been clearly established since at least 1992 that a person who exercises the state's supervisory authority may be held liable for

11

consciously acquiescing in sexually harassing conduct by a non-state actor over whom the state actor has authority." 186 F.3d at 1243 (citing *Woodward v. Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992)). Liability under *Murrell* relies on the defendant's status as a public employee with state supervisory authority. Applying *Murrell,* the district court correctly concluded that "[t]he question is whether, as an SRO, Defendant Ebling was considered a school employee *or* had authority over Student 1." App. at 177 (emphasis added).

The district court correctly answered that question by determining that "as the SRO, Defendant Ebling had a role and responsibility to take some action after becoming aware of the ongoing harassment." *Id.* As an SRO, Ebling is undisputedly an agent of the state who exercises power on behalf of the state. Ms. Doe's allegations also establish that Ebling had authority over herself and Student 1. *See supra* at 10-11.

Ebling's argument that he cannot be held liable because he is not an employee of the school district misses the mark.[2] Whether Ebling is an employee of the district, police department, or both, does not change his liability under

---

[2] Ebling argues that the district court erred by treating his employment status as a factual issue, rather than a legal one. Op. Br., at 15-16. The cases relied on by Ebling are inapposite as they concern a party's employment status for insurance, worker's compensation, or Fair Labor Standards Act purposes. *Id.* at 16. Thus, the district court did not err in treating Ebling's employment status as a factual issue.

*Murrell.* It is undisputed that Ebling is a public employee, who worked in a public high school, and supervised public school students. Therefore, he is liable under *Murrell*. *See* 186 F.3d at 1247.

***

Under *Murrell*, Ms. Doe adequately stated that Ebling was deliberately indifferent to student-on-student sexual harassment, in violation of the EPC.

**II.    Ms. Doe did not need to plead discriminatory intent to state a claim based on Ebling's deliberate indifference to student-on-student sexual harassment.**

Ebling argues that the district court erred in finding that Ms. Doe does not need to plead discriminatory intent state a claim based on Ebling's deliberate indifference to student-on-student sexual harassment. Op. Br. at 6. This argument is incorrect for several reasons. First, discriminatory intent is not required under *Murrell* because it is not a true supervisory liability claim. Second, to the extent that discriminatory intent is a required element of Ms. Doe's claims, discriminatory intent may be inferred from a defendant's deliberate indifference. Third, requiring a plaintiff to plead discriminatory intent *and* deliberate indifference would all but eliminate deliberate indifferent claims. This Court should not create such a hurdle for civil rights plaintiffs.

**A. Discriminatory intent is not required to state a claim under *Murrell* for deliberate indifference to student-on-student sexual harassment.**

Ms. Doe has stated a plausible claim for deliberate indifference to student-on-student sexual harassment in violation of the EPC under *Murrell*. 186 F.3d at 1250-51. Ebling argues that *Murrell* is "outdated" and that the Supreme Court's decision in *Iqbal* and this Court's decision in *Dodds* require a plaintiff to plead discriminatory intent to state a deliberate indifference to student-on-student sexual harassment claim. Op. Br. at 6-8. *Murrell* is the current standard in the Tenth Circuit and in the District of Colorado.[3] The district court properly rejected Ebling's argument for a heightened pleading standard, App. at 215-19, and this Court should do the same.

Ebling's arguments misunderstand the effects of *Iqbal*. First, in *Iqbal*, the plaintiff sought to hold the defendants vicariously liable for the misconduct of subordinate employees under the First and Fifth amendments. *Iqbal*, 556 U.S at 668-69. In *Iqbal*, the Supreme Court held that a plaintiff must plead discriminatory

---

[3] District court decisions that have relied on *Murrell* following the decisions in *Iqbal* and *Dodds* have not required proof of discriminatory intent. *Doe v. Roaring Fork Sch. Dist.*, 510 F. Supp. 3d 971, 977 (D. Colo. 2020) (effect of *Iqbal* and *Dodds* not raised); *Brighton Sch. Dist. 27J*, 612 F. Supp. 3d at 1216, *as amended* (Mar. 2, 2020) (same); *R.C. by & through Culver v. Indep. Sch. Dist. No. 2*, No. 23-CV- 478-JFJ, 2024 WL 3570014, at *3 (N.D. Okla. July 29, 2024) (same); *Lameda ex rel. S.L. v. Indep. Sch. Dist. No. 29*, No. CIV-21-119, 2021 WL 4302773, at *2 (W.D. Okla. Sept. 21, 2021) (same); *T.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589, 2018 WL 2722501, at *12 (D. Kan. June 6, 2018) (same); *Doe v. Taos Mun. Schs.*, No. 20-CV- 01041, 2024 WL 4264507, at *12 (D.N.M. Sept. 23, 2024) (citing *Dodds* but finding, "the requisite state of mind for a sexual harassment case is deliberate indifference").

intent to hold a supervisor, who engaged in no personal misconduct, personally liable for the misconduct of a subordinate. *Id.* at 676-78. This is because public employees may only be held liable for their "own misconduct." *Id.* at 677. In *Dodds*, this Court clarified *Iqbal*'s impact on supervisory liability claims, holding that a plaintiff may hold a "defendant-supervisor" liable, by showing "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199 (emphasis added). These elements are necessary to hold a *supervisor* liable because there must be an "affirmative link" between the constitutional violation and the supervisor. *Id.* (internal quotation marks and citation omitted).

Neither *Iqbal* nor *Dodds* change the elements of a *Murrell* claim. While *Murrell* relies on supervisory liability principles, it is not a true supervisory liability claim. A *Murrell* claim is not premised on the misconduct of the defendant-supervisor's subordinate: a student is not the subordinate of a school official. Rather, *Murrell* permits a defendant official to be held liable for their own misconduct and failure to act when they have the requisite supervisory authority and control over the student (a third party). *See* 186 F.3d at 1250-51.

15

Thus, Ms. Doe did not need to plead discriminatory intent because she has alleged that Ebling has engaged in his own personal misconduct. *E.g.*, App. at 43-46. Ms. Doe seeks to hold Ebling liable for his own misconduct, not the misconduct of student 1. Ebling's failure to act despite knowledge and control over Student 1 was an "official decision" not to intervene to stop the discrimination Doe suffered. *Gebser v. Lago Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

### B. Even if discriminatory intent is required, intentional discrimination may be inferred from deliberate indifference.

It is well settled in the Tenth Circuit that intentional discrimination can be inferred from a defendant's deliberate indifference. *E.g.*, *Havens*, 897 F.3d at 1264 ("Intentional discrimination can be inferred from a defendant's deliberate indifference . . ."); *Brighton Sch. Dist. 27J*, 2021 U.S. Dist. LEXIS 179455, at *28 (same). This approach is in line with the majority of the Circuit Courts. The First, Second, Third, Fourth, Eighth, and Eleventh Circuits all recognize that discriminatory intent may be inferred from a defendant's deliberate indifference.[4]

---

[4] *Perry v. Roy*, 782 F.3d 73, 79 (1st Cir. 2015) ("purposeful intent, also known as deliberate indifference"); *Schiebel*, 120 F.4th at 1093 ("a showing of deliberate indifference establishes that the recipient itself intentionally acted . . .") (internal quotation marks omitted); *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263-64 (3d Cir. 2013) (discussing how intentional discrimination may be established by deliberate indifference); *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 703 (4th Cir. 2018) (where a defendant downplayed harassment and made no effort to stop it, the plaintiff stated discriminatory intent); *Hall v. Higgins*, 77 F.4th 1171, 1181 (8th Cir. 2023) ("discriminatory intent . . . can be shown by proffering evidence of the Jail's deliberate indifference . . .") (internal quotation marks

Accordingly, seven of the Circuit Courts agree that allegations of deliberate indifference are sufficient to subject defendants to liability for intentional discrimination. Notably, these cases also all postdate *Iqbal*. Similarly, the Sixth and Ninth Circuits recognize that a plaintiff states a claim for deliberate indifference by pleading discriminatory intent *or* deliberate indifference. *Shively v. Green Local Sch. Dist. Bd. of Educ.*, 579 F. App'x 348, 357 (6th Cir. 2014); *Updike v. Multnomah Cnty.,* 870 F.3d 939, 950 (9th Cir. 2017) ("to show intentional discrimination, this circuit requires that the plaintiff show that a defendant acted with deliberate indifference").

The district court properly concluded that even if discriminatory intent is required for Ms. Doe's EPC claim, Ms. Doe has met this standard. App. at 218-19. A plaintiff may plead "purposeful discriminatory intent by reference to circumstantial evidence, including the official's efforts to downplay harassment and his inaction in attempting to stop known harassment." *Campbell v. Indep. Sch. Dist. No. 33 of Creek Cnty., Okla.*, No. 24-CV-00059-SH, 2024 U.S. Dist. LEXIS 209715, at *19 n.9 (N.D. Okla. Nov. 19, 2024). Ms. Doe pled that "Ebling participated in meetings with Plaintiff and her mother, where Plaintiff's allegations of harassment were downplayed, and Defendant Ebling refused to take any action

---

omitted); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012) ("a plaintiff may demonstrate discriminatory intent through a showing of deliberate indifference").

to stop the harassment at the school." App. at 172. This circumstantial evidence is sufficient to infer that Ebling acted with discriminatory intent.

### 1. Ebling mispresents the Circuit Court consensus on deliberate indifference to student-on-student sexual harassment claims.

Ebling misrepresents the current jurisprudence on deliberate indifference to claims. Op. Br. at 9-13. Ebling argues that the majority of Circuit Courts require a plaintiff to allege discriminatory intent to state a deliberate indifference to student-on-student sexual harassment claims. Op. Br. at 9. This is not correct. None of the cases cited by Ebling actually require a plaintiff to separately allege that the defendant acted with discriminatory intent to state a claim for deliberate indifference. Rather, most Circuits permit a plaintiff to establish discriminatory intent through a defendant's deliberate indifference.

As an initial matter, Ebling overstates the applicability of *T.E.* and *C.C.* Ebling cites both *T.E. v. Grindle* and *C.C. v. Monroe Cnty. Bd. of Educ.* for the proposition that the Seventh and Eleventh Circuits respectively require a plaintiff to allege discriminatory intent in a deliberate indifference to student-on-student sexual harassment claim. Op. Br. at 9-10 (citing *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) *and* citing *C.C. v. Monroe Cnty. Bd. of Educ.*, 427 F. App'x 781, 783 (11th Cir. 2011)). This misrepresents the holding in these cases. Both *T.E.* and *C.E.* concern a defendant-supervisor's liability for sexual harassment perpetrated by a subordinate employee, not student-on-student sexual harassment. *T.E.*, 599

18

F.3d at 585; *C.C. v. Monroe County Bd. of Educ.*, 2009 U.S. Dist. LEXIS 110276, at *4 (S.D. Ala. Nov. 25, 2009). As discussed above, a deliberate indifference to student-on-student sexual harassment claim is unique in that it is not a true supervisory liability claim. *Supra at* 13-16.

Ebling similarly overstates the applicability of *Doe by Nied v. Riverside Sch. Dist.*, No. 3:23-CV-1118, 2024 U.S. Dist. LEXIS 67670 (M.D. Pa. Apr. 12, 2024) ("*Riverside I*"). Op. Br. at 10-11. In *Riverside I*, the court *only* considered the plaintiff's *Monell* claim against the school district itself, and found that plaintiff did not sufficiently plead deliberate indifference, and therefore, also did not sufficiently plead discriminatory intent. 2024 U.S. Dist. LEXIS 67670 at *2-3, *6-7. The court dismissed plaintiff's claim but granted leave to amend. *Id.* at *10. Ebling fails to acknowledge that the *Riverside I* decision was followed by the court's decision in *Doe v. Riverside Sch. Dist.,* No. 3:23-CV-1118, 2024 U.S. Dist. LEXIS 231380 (M.D. Pa. Dec. 23, 2024) ("*Riverside II*"). In *Riverside II*, the court found that the plaintiff's amended complaint sufficiently alleged EPC claims against the individual defendants and the school district itself. *Id.* at *15-19.

Ebling also misstates the Fourth Circuit's holding in *Feminist Majority*. Op. Br. at 10. While the Fourth Circuit did require the plaintiffs to plead factual allegations to support a finding of discriminatory intent, it inferred discriminatory intent based on the same factual allegations it used to determine that the plaintiffs

adequately pled deliberate indifference. *See* 911 F.3d at 691, 703 (finding that the plaintiffs adequately pled discriminatory intent and deliberate indifference where the defendant "sought to downplay the harassment and threats, and he made no effort to stop them"). Even if this Court agrees with *Feminist Majority*, Ebling's discriminatory intent can be inferred from his deliberate indifference.

Finally, in *DiStiso*, the Second Circuit acknowledged that allegations of deliberate indifference permit a "reasonable inference that the defendant himself intended for the harassment to occur." *DiStiso v. Cook*, 691 F.3d 226, 241 (2d Cir. 2012); *see also Schiebel*, 120 F.4th, at 1093.

In sum, none of the cases cited by Ebling actually require a plaintiff to separately allege that the defendant acted with discriminatory intent to state a claim for deliberate indifference.

**C. Requiring plaintiffs to plead discriminatory intent is contrary to public policy because it would entirely eliminate deliberate indifference claims.**

Ebling argues for a standard where civil rights plaintiffs would be required to plead discriminatory intent in addition to deliberate indifference to state a deliberate indifference claim. Op. Br. at 8. Requiring civil rights plaintiffs to plead discriminatory intent in addition to deliberate indifference would vitiate deliberate indifference claims. Deliberate indifference claims generally rely on circumstantial evidence, *e.g.*, *Mata*, 427 F.3d at 752, because intent "is rarely proved by direct

evidence," *Cornaby's LLC*, 2017 U.S. Dist. LEXIS 130716, at *41. While intent is generally difficult to establish, it is even more difficult to establish in deliberate indifference cases because liability is due to *inaction*. *Gebser,* 524 U.S. at 290 (the "premise" of deliberate indifference liability is that a public employee knew of, but deliberately chose not to remedy, discrimination)**.** The inaction is the "but for" cause of the discrimination. *See Wamer v. Univ. of Toledo*, 27 F.4th 461, 467 (6th Cir. 2022) ("'further actionable harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response . . .").

Accordingly, plaintiffs establish deliberate indifference claims by alleging that the defendant knew of and consciously acquiesced in discrimination. *Murrell*, 186 F.3d, at 1251. However, if plaintiffs must allege discriminatory intent, without relying on the circumstantial evidence of the defendant's knowledge and acquiescence, the only allegation they could plausibly make would be direct evidence of intent. Because direct evidence of intent rarely exists, requiring plaintiffs to make that allegation in order to state a claim would effectively vitiate deliberate indifference claims.

*** 

Under either standard, Ms. Doe has plausibly alleged that Ebling's conduct violated her rights under the Equal Protection Clause.

## III.    The district court analyzed Ebling's qualified immunity defense under the correct standard.

Ebling argues that the district court erred by applying the "no set of facts" standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). Op. Br. at 18-19. However, the district court did not rely on *Conley* in denying Ebling's Motion to Dismiss. Therefore, this argument is without merit.

## A. Preservation

As a threshold matter, this issue is not properly preserved and therefore has been waived. The Report and Recommendation references the "no set of facts" standard. App. at 136. However, Ebling failed to raise this argument in his objection to the Report and Recommendation, *see* App. 141-50, and instead raises it for the first time on appeal. Op. Br. at 18-19. Under the firm waiver rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Ebling seemingly admits that this issue was not preserved because he alternatively requests that the Court review the issue as plain error. Op. Br. at 19-20. Ebling cannot meet the plain error standard because the district court did not rely on *Conley*.

## B. The district court did not rely on *Conley*.

Assuming this issue was properly preserved—which Ms. Doe contends it was not—the district court did not err because it did not rely on *Conley*. The

district court cited *Peterson v. Jensen* for the premise that the plaintiff has a lower

burden to show that the law was clearly established on a Rule 12(b)(6) motion than

on a motion for summary judgment. App. at 175 (citing *Peterson v. Jensen*, 371

F.3d 199, 1202 (10th Cir. 2004). That notion remains good law. *E.g.*, *Thompson*,

23 F.4th at 1256 (discussing how a defendant has a more challenging standard of

review when asserting qualified immunity via a Rule 12(b)(6) motion rather than a

summary judgment motion). Accordingly, the district court did not err.

Even if the district court's citation to *Peterson* was erroneous, it ultimately

did not affect the district court's decision. In the Rule 12(b)(6) context, "it is the

defendant's conduct as alleged in the complaint that is scrutinized for

constitutionality." *Id.* (cleaned up italics in original). As the district court

recognized, Ebling's liability turns on whether he exercised supervision or control

over Student 1. App. at 219; *see Murrell*, 186 F.3d, at 1251 ("[A] person who

exercises the state's supervisory authority may be held liable for consciously

acquiescing in sexually harassing conduct by a non-state actor over whom the state

actor has authority."). As discussed below, Ms. Doe's amended complaint

plausibly alleged that Ebling violated clearly established law.

## IV.    Ebling is not entitled to qualified immunity because he violated clearly established law.

Ebling violated Ms. Doe's constitutional right under clearly established law

and is therefore not entitled to qualified immunity.  A defendant is not entitled to

qualified immunity when their conduct violated the plaintiff's constitutional right, and that right was clearly established at the time of the violation. *Soza v. Demsich*, 13 F.4th 1094, 1099 (10th Cir. 2021). For a law to be clearly established, there must be Supreme Court or Tenth Circuit precedent on point. *Thompson*, 23 F.4th at 1255. However, there need not be a court decision with identical facts to make a right clearly established: "'a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." *Id.* at 1255-56 (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

The district court properly concluded that the law was clearly established based on this Court's decisions in *Murrell* and *Woodward*. App. at 221-22. In 1992, the *Woodward* decision put "a person who exercises the state's supervisory authority" on notice "they may be held liable for consciously acquiescing in sexually harassing conduct by a non-state actor over whom the state actor has authority." 977 F.2d at 1398. And in 1999, the *Murrell* decision put school officials on notice that they may be liable under the EPC if they are deliberately indifferent to student-on-student sexual harassment. 186 F.3d at 1251. Accordingly, at the time of Ebling's wrongdoing, the law had been clearly established for over twenty years. Ebling makes a series of arguments that do not alter this conclusion.

First, Ebling argues that the district court defined clearly established law at an inappropriate level of generality. Op. Br. at 22. However, Ebling argues for a standard that is far too granular. Op. Br. at 21 ("Ms. Doe cannot point to any clearly established law that, in response to allegations of student-on-student sexual harassment known to the school and under investigation by a law enforcement agency, a school resource officer could restrict a student's movements absent a protection order, safety plan, or no-contact plan or that he would violate Ms. Doe's constitutional rights by declining to exceed his legal authority."). This is not the standard for clearly established law. A plaintiff need not go on a "scavenger hunt for a prior case with identical facts," rather, "a case is on point if it involves materially similar conduct or applies with obvious clarity to the conduct at issue." *Baca v. Cosper*, 128 F.4th 1319, 1327 (10th Cir. 2025) (internal quotations omitted). *Murrell* applies with obvious clarity to Ebling's conduct: he was a school official that knew of ongoing sexual harassment, failed to act, and had control over the students. 186 F.3d at 1251.

Second, Ebling fails to construe the amended complaint in Ms. Doe's favor, as is required at this stage. *Waller*, 932 F.3d at 1282. Ebling argues that it would exceed his legal authority to restrict a student's movements absent a protection order, safety plan, or no-contact plan, however this is a factual conclusion not included on the face of the complaint. Op. Br. at 21. Ebling also ignores the factual

25

assertions in the complaint. He argues that Ms. Doe did not allege he was a school employee. Op. Br. at 22. This is incorrect, *see* App. at 43, ¶ 18, but it is also irrelevant because whether he is a school employee does not control his liability, *see Murrell*, 186 F.3d at 1251 (liability applies to "a person who exercises the state's supervisory authority" not just school employees). He additionally argues that Ms. Doe failed to allege he had "authority or discipline over student conduct" or "an independent basis to restrict Student 1's movement," again ignoring the allegations in the amended complaint. Op. Br. at 22-23. Ms. Doe alleged that Ebling had supervisory authority over Ms. Doe and Student 1. App. at 43-46, ¶¶ 18-19, 26-27, 34. Nothing requires Ebling to have a separate basis for intervening. This authority, along with Ms. Doe's reports of ongoing sexual harassment at CHS, gave Ebling the basis for restricting Student 1's movement.

Finally, Ebling incorrectly states that the magistrate judge and district court relied upon *Oologah-Talala*, 2024 WL 1357612, to show that the law was clearly established. Op. Br. at 23. This misstates the record. The magistrate judge and district court cite to *Oologah-Talala* for the proposition that at least one district court had already determined that this right was clearly established by *Murrell*, not for the proposition that *Oologah-Talala* clearly establishes the law. App. at 138. 223.

# CONCLUSION

Ebling begins on the wrong foot and continues to compound that error throughout his Opening Brief. Iqbal does not apply to Ms. Doe's allegations. Murrell governs the sufficiency of Ms. Doe's claim against Ebling and Ms. Doe met Murrell's requirements. Because Ms. Doe met *Murrell*'s requirements, as recognized by the district court, the Court should affirm the district court's ruling and deny Ebling qualified immunity on his motion to dismiss.

Respectfully submitted this November 20, 2025.

By: *s/Conor O'Donnell*
Igor Raykin
Conor O'Donnell
2581 S. Parker Rd., Ste. 150
(720) 863-4256
igor@coloradolawteam.com
conor@coloradolawteam.com

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee Jane Doe respectfully requests oral argument because she reasonably believes that oral argument will significantly aid the decisional process.

Respectfully submitted this November 20, 2025.

By: *s/Conor O'Donnell*
Igor Raykin
Conor O'Donnell
2581 S. Parker Rd., Ste. 150
(720) 863-4256
igor@coloradolawteam.com
conor@coloradolawteam.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    [X] this brief contains 6,401 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Respectfully submitted this November 20, 2025.

By: *s/Conor O'Donnell*
Igor Raykin
Conor O'Donnell
2581 S. Parker Rd., Ste. 150
(720) 863-4256
igor@coloradolawteam.com
conor@coloradolawteam.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send

notification of such filing to the following:

Rebecca P. Klymkowsky
Assistant Deputy County Attorney
100 Jefferson County Parkway, Suite 5000
Golden, Colorado 80419
T: 303.271.8900
E: rklymkow@jeffco.us

Holly Ortiz
Mary Barham Gray
Semple, Farrington, Everall & Case, P.C.
hortiz@semplelaw.com
mgray@semplelaw.com
*Attorney for Defendants Jefferson County Public Schools, Todd Engles, Scott Christy, Derek Holliday and Kevin Chester*

*/s/Krystle Jennings*
Krystle Jennings, Paralegal
Kishinevsky & Raykin

29